WOODWARD v KEENAN (AFTER REMAND)

Docket No. 30820. Submitted June 20, 1977, at Detroit.—Decided March 6, 1979.

Complaint by Victoria Woodward and Timothy J. Woodward, her husband, against P. Justin Keenan, M.D., South Bend Clinic, and Bertram W. Smith, M.D., in Berrien Circuit Court, for damages for medical malpractice. Julian E. Hughes, J., granted accelerated judgment for defendant P. Justin Keenan, M.D., and South Bend Clinic on the ground that the court lacked in personam jurisdiction. Plaintiffs appealed. The Court of Appeals remanded the matter to the trial court to determine the adequacy of the contacts by the doctor and clinic with the State of Michigan for purposes of jurisdiction in the Michigan courts, 79 Mich App 543 (1977). The trial court determined that the defendants maintained no contracts or referral services with anyone in the state, nor did they engage in any program designed to encourage Michigan residents to make use of the out-of-state clinic. *Held:*

The doctor and the clinic lacked sufficient due-process ties with Michigan courts; therefore, the trial court's grant of accelerated judgment for want of in personam jurisdiction should be affirmed.

Affirmed.

COURTS — JURISDICTION — OUT-OF-STATE DEFENDANTS — CARRYING ON BUSINESS — STATUTES.

Michigan courts lack jurisdiction over an Indiana medical clinic where the clinic maintains no contracts or referral services with anyone in Michigan and does not engage in any program designed to encourage Michigan residents to make use of the clinic (MCL 600.705[1], 600.725[1]; MSA 27A.705[1], 27A.725[1]).

*Charfoos & Charfoos, P.C.* (by *Thomas H. Bleak-ley* and *J. Douglas Peters),* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTE

20 Am Jur 2d, Courts § 146.

State's power to subject nonresident individual other than a motorist to jurisdiction of its courts in action for tort committed within state. 78 ALR2d 397.

*Kitch & Suhrheinrich, P.C.* (by *Scott A. Saurbier*), for defendants P. Justin Keenan, M.D., and South Bend Clinic.

Before: D. C. Riley, P.J., and Bashara and P. R. Mahinske,* JJ.

Per Curiam. In our original opinion, 79 Mich App 543; 261 NW2d 80 (1977), we remanded the matter to the trial court for limited discovery to determine the adequacy of defendants' contacts with the State of Michigan for purposes of MCL 600.705(1); MSA 27A.705(1), MCL 600.725(1); MSA 27A.725(1). Pursuant thereto, the court below determined that defendants maintained no contracts or referral services with anyone in the state, nor did they engage in any program designed to encourage Michigan residents to make use of defendant clinic.

As defendants lacked sufficient due-process ties with this state making them amenable to the jurisdiction of our courts, we therefore affirm the court's grant of accelerated judgment for want of in personam jurisdiction, GCR 1963, 116.1(1), in accordance with our prior decision.

No costs, the construction of statues being involved.

P. R. Mahinske, J., not participating.

---

* Circuit judge, sitting on the Court of Appeals by assignment.